IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH E. HAMMON, JR.,           )
                                  )      Civil No. 06-1052-MO
        Petitioner,               )
                                  )
    v.                            )
                                  )
CHARLES A. DANIELS,               )
                                  )      OPINION AND ORDER
        Respondent.               )

    Kenneth E. Hammon, Jr.
    #59907-065
    Federal Prison Camp, Box 6000
    Sheridan, Oregon 97378

        Petitioner, *Pro Se*

    Karin J. Immergut
    United States Attorney
    Scott Erik Asphaug
    Assistant United States Attorney
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

///

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner, an inmate at FPC-Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Currently before the court is the Petition for Writ of Habeas Corpus (#1). For the reasons set forth below, the Petition is denied in part, and respondent is ordered to supplement the record as described below.

## BACKGROUND

Petitioner is currently serving a 168-month federal sentence following his conviction in the District of Oregon for Felon in Possession of a Firearm, Conspiracy to Manufacture, and Possession with Intent to Distribute Methamphetamine. According to the Government, petitioner's release date is October 25, 2007, and he is eligible for transfer to a Community Corrections Center ("CCC") on or after April 25, 2007.

Petitioner raises two grounds for relief in this case: (1) the Bureau of Prisons ("BOP") is wrongfully denying him consideration for placement in a CCC for six months, and home confinement for another six months; and (2) the BOP has wrongfully denied petitioner credit for time he served in pre-trial custody.

## DISCUSSION

I.  **CCC Placement and Home Confinement**.

Petitioner asserts that as he nears the end of his sentence, the BOP should consider him for placement in a CCC for six months as well as home confinement for another six months. In support of

2 - OPINION AND ORDER

his claim, petitioner cites the court to various district and appellate court decisions addressing the legality of the BOP's "10% rule," which can limit the amount of time an inmate may spend in a CCC.

Prior to December 2002, the BOP allowed prisoners to serve the last six months of their sentences in a CCC, regardless of what percentage of their sentence the six-month period actually comprised. Elwood v. Jeter, 386 F.3d 842, 844 (8th Cir. 2004). In December 2002, the Office of Legal Counsel of the U.S. Department of Justice concluded that the maximum period an inmate could spend in a CCC was limited to the lesser of 6 months, or 10% of his sentence. Id.

As noted above, petitioner was sentenced to 168 months in prison. This court need not explore the validity of the BOP's 10% rule because it is inapplicable in this case (10% of petitioner's sentence would easily exceed the allowable six-month term). The BOP has determined that petitioner is eligible for a transfer to a CCC on April 25, 2007, six months prior to his release date of October 25, 2007. Petitioner is entitled to no more. See 18 U.S.C. § 3624(c) (requiring the BOP, to the extent practicable, to place inmates "under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community" with such placement not to exceed six months). Accordingly, relief on this claim is denied.

3 - OPINION AND ORDER

II.  **Credit for Time Served**.

Petitioner also seeks credit for 30 days he served in a CCC prior to his trial.  Pursuant to 18 U.S.C. § 3585(b), an inmate generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences."  The Supreme Court has determined that the test for official detention is whether the offender was detained in a "penal or correctional facility," while remaining subject to the control of the BOP.  Reno v. Koray, 515 U.S. 50, 58 (1995).

Respondent argues that while petitioner may have spent time in home confinement and a CCC as a condition of pretrial release, that placement was not subject to BOP control and does not meet the requirements of a "penal or correctional facility."  Respondent's briefing on this claim is insufficient because he has not submitted any documents to the court which detail petitioner's pretrial placement in a CCC, nor has he argued how, specifically, petitioner's pretrial detention was: (1) not in a penal or correctional facility; and (2) not subject to BOP control.

Respondent is therefore ordered to file with the court exhibits (e.g. Judgment and Commitment Order, Sentencing Transcript, etc.) detailing petitioner's pretrial detention, and an additional brief which analyzes those documents and shows how

4 - OPINION AND ORDER

petitioner's pretrial detention does not entitle him to credit for time served.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED, but only as to petitioner's claim for both CCC placement and home confinement. Within 45 days, respondent is ORDERED to more fully address petitioner's claim that he is entitled to credit for his time served prior to trial. The court will take petitioner's remaining claim Under Advisement 45 days from the date of this Order.

IT IS SO ORDERED.

DATED this   12th    day of December, 2006.

                           /s/Michael W. Mosman
                               Michael W. Mosman
                               United States District Judge