IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KENNETH E. HAMMON, JR., | ) | |
| | ) | Civil No. 06-1052-MO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES A. DANIELS, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

    Kenneth E. Hammon, Jr.
    #59907-065
    Federal Prison Camp, Box 6000
    Sheridan, Oregon 97378

        Petitioner, *Pro Se*

    Karin J. Immmergut
    United States Attorney
    Scott Erik Asphaug
    Assistant United States Attorney
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

///

    1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner, an inmate at FPC-Sheridan, filed this 28 U.S.C. § 2241 habeas corpus action raising two grounds for relief: (1) the Bureau of Prisons ("BOP") is wrongfully denying him consideration for placement in a Community Corrections Center ("CCC") for six months, and home confinement for another six months; and (2) the BOP has wrongfully denied petitioner credit for time he served in pre-trial custody in 1994.

On December 12, 2006, the court denied petitioner's claim seeking CCC placement and home confinement, and ordered respondent to more fully address petitioner's claim that he is entitled to credit for his time served prior to trial. Respondent has timely filed a supplemental brief. For the reasons set forth below, the court denies relief on petitioner's remaining claim that he is entitled to 30 days credit for time served in pretrial detention.

## DISCUSSION

Pursuant to 18 U.S.C. § 3585(b), an inmate generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." The BOP has interpreted § 3585(b)'s "official detention" language to require credit for pretrial detention only where the inmate is under a "detention order" imposed pursuant to 18 U.S.C. § 3142(e). The BOP's interpretation does not allow inmates to receive credit for time spent under a "release order"

2 - OPINION AND ORDER

imposed pursuant to 18 U.S.C. § 3142(c).  <u>Reno v. Koray</u>, 515 U.S. 58, 60 (1995).  The Supreme Court has held that this is a permissible interpretation of § 3585(b).  <u>Id</u>.

In this case, the documents before the court reveal that petitioner was released on bond on October 7, 1994.  Declaration of Scott Erik Asphaug, Exhibit B.  One of the conditions was that he reside in a CCC until otherwise directed by Pretrial Services.  Asphaug Declaration, Exhibit B-2.  Petitioner was housed in the Clackamas County Residential Center Program until November 4, 1994 when he was released to a personal residence.  Asphaug Declaration, Exhibit B-6.

It is clear from this history that petitioner's pretrial detention was based on a release order pursuant to § 3142(c).  Accordingly, he is not entitled to credit for his pretrial detention in a CCC.  Relief on the Petition is therefore denied.

## <u>CONCLUSION</u>

Based on the foregoing, the Petition for Writ of Habeas Corpus (#1) is DENIED.

IT IS SO ORDERED.

DATED this   <u>5th</u>   day of February, 2007.

                     <u>/s/Michael W. Mosman</u>
                      Michael W. Mosman
                      United States District Judge